UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
:
R.S. and M.S., individually and on behalf of :
their minor child, O.S.                      :    CASE NO. 7:10-CV-0613
                                             :
           Plaintiffs,                       :
                                             :
     v.                                      :    OPINION AND ORDER
                                             :    [Resolving Docs. Nos. 18, 21 & 33]
BEDFORD CENTRAL SCHOOL                       :
DISTRICT,                                    :
                                             :
           Defendant.                        :
                                             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Individuals with Disabilities Education Act (IDEA) reimbursement action, Defendant Bedford Central School District ("Bedford") moves this Court to grant summary judgment in their favor and to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction. [Doc. 20]; Fed. R. Civ. P. 12(b)(1). Bedford contends that the Plaintiffs failed to exhaust their administrative remedies under the IDEA because they missed the deadline for serving their state-level appeal. [Doc. 20, at 4-8.] In response, the Plaintiffs argue that their noncompliance should be excused because it had minimal or no prejudicial effect. The Plaintiffs also contend that the state officer who dismissed their administrative appeal was biased against them. [Doc. 22, at 12-13.] Because the Plaintiffs are unable to circumvent the IDEA's exhaustion requirement, the Court GRANTS Defendant Bedford's motion for summary judgment. The Court also DENIES as moot the Plaintiffs' previous motion for an extension of time to file their notice of appeal. [Doc. 33.]

Case No. 7:10-CV-0613
Gwin, J.

## I. Background

None of the underlying facts are in dispute. This case has its genesis in the Plaintiffs' move into the Bedford school district after having lived in Colorado. [Doc. 32 at 2.] According to the Plaintiffs, their daughter, O.S., suffers from tonic-clonic, or *gran mal*, seizures. [*Id.*] Her condition results in frequent hospitalization and requires a lengthy recovery period. [*Id.*] The Plaintiffs say they home-schooled O.S. from 2006 to 2009, despite the school district's recommendation that O.S. attend a school that partially integrates disabled students into the general education program. [*Id.*]

On August 28, 2009, the Plaintiffs initiated an administrative due process proceeding under the IDEA. [*Id.*] They alleged that the school district deprived O.S. of a free appropriate public education. They also requested reimbursement for the costs of the home instruction to which they had increasingly resorted in the preceding years. [*Id.*] The Impartial Hearing Officer ("IHO") conducted a thorough analysis, found fault on both sides of the dispute, but ultimately at least partially found in the Plaintiffs' favor. [Doc. 23-1 at 36.] According to the IHO, the bulk of the instruction O.S. received was "home instruction [that] seemed to have no (or at most insufficient) relation to the [individualized education program ("IEP")] or the child's special needs." [*Id.* at 37.] Hence, the Plaintiffs' remedy was limited to reimbursement for the period after June 3, 2008, the date that O.S.'s mother first expressed a clear objection to an IEP. [*Id.* at 38.] The Plaintiffs then sought to appeal this decision to the State Review Officer ("SRO") for the limited purpose of securing a fuller remedy.

The SRO dismissed the appeal because the Plaintiffs did not timely effectuate service. [Doc. 1-3.] The family had served Bedford's counsel on time, but did not serve the school district itself until the day after the deadline. [Doc. 1 at 7.] It is this moment in the case's procedural history

Case No. 7:10-CV-0613
Gwin, J.

which gives rise to the current dispute.

The Plaintiffs brought this proceeding in federal court. In their complaint, they sought review of the SRO's dismissal of their appeal, along with a claim of retaliation. In support of their request for review, the Plaintiffs alleged that the SRO dismissed their appeal out of bias against the families of children with disabilities, and that he has previously accepted untimely appeal petitions from school districts. [*Id.* at 14.] Bedford sought to dismiss the complaint, in part arguing that the claim of bias should have been raised in the administrative proceedings. [Doc. 12 at 20.] This Court dismissed the Plaintiffs' retaliation claim, but found that the Plaintiffs' failure to raise previously the bias claim could be excused because to do so would have been futile. [Doc. 32.] The Court reserved judgment on whether the bias claim itself had merit, or could work to excuse the late filing. [*Id.*] Those issues, rather, are the subjects of this order.

## II. Analysis

The IDEA requires states to provide disabled students with a free and appropriate public education in conformity with that student's IEP. 20 U.S.C. § 1412(a)(1)(A). If a student's parents believe the state has failed to do so, they may unilaterally choose an appropriate alternative placement and seek reimbursement from the state for costs related to this alternative. *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 370 (1985).

Before seeking reimbursement under the IDEA in federal court, however, plaintiffs must first exhaust all available administrative procedures available through state agencies. 20 U.S.C. § 1415(l); *see generally Kelly v. Saratoga Springs City Sch. Dist.*, No. 09-cv-276, 2009 WL 3163146, at *3 n.6 (N.D.N.Y. Sept. 25, 2009) (explaining rationale for administrative-exhaustion requirement). New York's procedures include both an initial hearing before an IHO and an appeal

Case No. 7:10-CV-0613
Gwin, J.

to the SRO. *Grenon v. Taconic Hills Sch. Dist.*, No. 05-cv-1109, 2006 WL 3751450, at *6 (N.D.N.Y. Dec. 19, 2006) ("Review by the SRO is an essential step in the process of resolving an IDEA claim."). Once the plaintiff has carried out both steps, he has the right to bring a new civil action in either state or federal court. 20 U.S.C. § 1415(i)(2). The court adjudicates the case without a jury, hears additional evidence if requested by the parties to do so, and enters summary judgment based on the preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(iii). This action is a new one, not an appeal. Thus, if the Plaintiffs have exhausted their state agency avenues, it would not be proper for this Court simply to 'uphold' the SRO's decision, as Bedford requests, [Doc. 20, at 8.].

The federal court lacks subject-matter jurisdiction if the Plaintiffs fail to exhaust their administrative remedies.[1] *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F. 3d 240, 245 (2d Cir. 2008). The exhaustion requirement, however, "is not an inflexible rule." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002) (internal quotation marks omitted). It may be waived if "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Id.* "The burden of proving the applicability of one of these exceptions falls on the party seeking to avoid exhaustion." *Id.*

Bedford contends that the SRO's dismissal of the Plaintiffs' appeal constitutes a failure to

---

[1] The Court notes that there has been some divergence in the Circuit over whether the IDEA's exhaustion requirement is a "jurisdictional" rule or "claims-processing" rule. *See Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 680 n.7 (S.D.N.Y. 2011) ("Supreme Court decisions requiring careful distinction between 'jurisdictional rules and mandatory claims-processing rules' might call into question whether IDEA's exhaustion requirement is jurisdictional . . . .") (quoting *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 203 (2d Cir. 2007)). This Court need not reach this issue because the Defendants have not waived their timely appeal argument. As such, it is *either* a jurisdictional bar *or* an affirmative defense that has not been waived.

Case No. 7:10-CV-0613
Gwin, J.

exhaust administrative remedies, thereby precluding this Court from exercising subject-matter jurisdiction. *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, No. 99-cv-9294, 1999 WL 980164, at *3 (S.D.N.Y. Oct. 28, 1999) ("[F]ailure to bring a timely appeal in compliance with the relevant regulations should be equated with failure to bring an appeal at all.  This, in turn, would render the IHO decision final."), *rev'd on other grounds*, 548 U.S. 291 (2006).  The Plaintiffs contend that their failure to timely effect service constitutes a *de minimis* violation of the regulations that caused prejudice to no one.  [Doc. 22 at 12.]  Were subject-matter jurisdiction a prudential or discretionary doctrine, their argument might hold more water.  But it is not.  It is "an inflexible rule that without exception requires federal courts, on their own motion, to determine if jurisdiction is lacking . . . . If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  *Cave*, 514 F.3d at 250 (quoting Fed. R. Civ. P. 12(h)(3)) (emphasis in *Cave*).  Those are the rules, and this Court is bound by them.

The Plaintiffs, through a generalized claim of the SRO's bias, seem next to seek advantage of the exhaustion requirement's exceptions outlined above and in *Murphy* by then-Judge Sotomayor. The exceptions outlined in *Murphy* are not ways around procedural rules once the transgression has come to pass.  Rather, they are practical considerations that take into account expediency, common sense, and in these types of cases in particular, the needs of the child.  In the case at hand, it is not for this Court to create exceptions to the statutory exhaustion requirement; that job is left to Congress.  *See Mrs. W. v. Tirozzi*, 832 F.2d 748, 755 (2d Cir. 1987) (quoting H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)); *see also Polera v. Bd. of Educ. of Newburgh Enlarged Sch. Dist.*, 288 F.3d 478, 489 (2d Cir. 2002) ("[T]he exhaustion requirement is predicated on Congress's belief, expressed through the statutory scheme, that administrative agencies can 'get it right'. . . . Sweeping

Case No. 7:10-CV-0613
Gwin, J.

exceptions to the exhaustion requirement are at odds with this belief."). The Plaintiffs may not make an end-run around New York's regulations by asserting a claim of bias; their excuse is outside the ambit of the exhaustion requirement's congressionally-considered exceptions.

The first exception is of no assistance. To take advantage of the futility exception, the Plaintiffs would need to show that they the SRO is so biased against them that they could not have prevailed had they presented their appeal directly to him. *See, e.g.*, *B.J.S. ex rel. N.S. v. State Edu. Dep't/Univ. of the State of New York*, 815 F. Supp. 2d 601, 613 (W.D.N.Y. 2011) (understanding the futility exception to relate to the administrative decision itself). But the Plaintiffs do not allege this. Instead, they allege that the SRO was biased in his decision not to accept their late filing. This does not speak to whether their appeal as a whole would have been similarly disfavored. Consequently, they are unable to take advantage of this exception to the exhaustion requirement.

The Plaintiffs also do not claim that the SRO lacked the power to alter the IHO's proposed remedy. Thus, the only remaining exception available to them is to complain that the SRO's policy or practice in dismissing appeals for late service is "contrary to the law." In dismissing the Plaintiffs' appeal, the SRO relied on 8 NYCRR §§ 279.2(b) and 279.13. Those regulations provide that "the petition for review shall be personally served upon the school district" within 35 days, *id.* at 279.2(b); and that the SRO, "in his or her sole discretion, may excuse a failure to timely serve or file a petition for review within the time specified for good cause shown," *id.* at 279.13. *See* [Doc. 1-3, at 2.] The Plaintiffs do not dispute that service on the school district was a day late, nor did they show cause for their lateness.[2]

---

[2] In addition, the SRO noted that there was no indication of proper service of the notice of intention to seek review, which was due ten days before the petition itself. *See* [Doc. 1-3, at 4 n. 3]; 8 NYCRR §§ 279.2(b). It seems to have been included with the petition, and was therefore eleven days late.

-6-

Case No. 7:10-CV-0613
Gwin, J.

The Plaintiffs do not assert that the state policy setting a deadline for appeal is "contrary to law" on its face—nor could they. The IDEA grants each state the authority to promulgate its own regulations about administrative procedure. 20 U.S.C. § 1415(a). Filing deadlines are universally conceded to be an appropriate expression of "a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within *a specified period of time* and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Levy v. Aaron Faber, Inc., 148 F.R.D. 114, 118 (S.D.N.Y. 1993) (emphasis added), quoting United States v. Kubrick, 444 U.S. 111, 117 (1979). Although the Plaintiffs' claim had hardly staled, they do not, and cannot, argue that the deadline is unfairly tight as a matter of due process.

This analysis notwithstanding, applicable New York administrative law allows for an SRO's decision to be overturned if "made in violation of lawful procedure[,] affected by an error of law[,] arbitrary and capricious[,] or an abuse of discretion." N.Y. CPLR § 7803(3); *see also* Metro. Assocs. Ltd. P'ship v. N.Y. State Div. of Hous. & Comm'y Renewal, 614 N.Y.S.2d 502, 502 (N.Y. App. Div. 1994) ("[I]nterpretations [by a state agency] of statutes which it administers are entitled to deference if not unreasonable or irrational.") (internal citation omitted). Under this standard, this Court may not substitute its judgment for that of the SRO's, but must instead determine whether that decision "was based on a consideration of the relevant factors and whether there has been a clear error of judgment." State of New York Dep't of Soc. Servs. v. Shalala 21 F.3d 485, 493 (2d Cir. 1994), (internal quotation marks omitted). The SRO's decision, though perhaps overly technical, is not such error. *See Kelly,* 2009 WL 3163146 at *5 (finding that an SRO's dismissal of an appeal for being three days later was neither arbitrary nor capricious).

The law of arbitrary and capricious administrative behavior is well established. It requires

Case No. 7:10-CV-0613
Gwin, J.

consistency in agencies' application of law, so that parties in identical circumstances are treated identically. *NLRB v. Washington Star Co.*, 732 F.2d 974, 977 (D.C. Cir. 1984) (invalidating a "sometimes-yes, sometimes-no, sometimes-maybe policy of due dates" for filings). Since parties' circumstances are almost never totally identical, ultimately the rule is a rule of reasonableness. *See Cappadora v. Celebrezze*, 356 F.2d 1, 6 (2d Cir. 1966) (Friendly, J.) ("[O]nce appropriate rules have been established, the discretion conferred in day to day administration cannot have been assumed to extend to unreasonable deviation from such rules on an ad hoc basis at the whim of the Administration."). That is the rule for applications of law from case to case; in statements interpreting the law, arbitrariness and caprice are found when an agency is inconsistent. *Greenstein by Horowitz v. Bane*, 833 F. Supp. 1054, 1071 (S.D.N.Y. 1993) ("Courts owe less deference to an agency interpretation of a regulation that is inconsistent with earlier and later pronouncements it has made . . . .").

      The Plaintiffs cite only two instances in which late petition services were excused by the SRO under the "sole discretion" granted to him by the regulations. But they cite no case in which a party was identically situated, including representation by a lawyer who (like theirs) had appeared before the SRO previously. Most notably, they cite no case in which a late service was excused without any showing of good cause whatsoever—a showing the statute explicitly requires. 8 NYCRR § 279.13. Without more, this Court cannot identify an applicable exception to the IDEA's exhaustion requirement. The Court lacks subject-matter jurisdiction and must dismiss the case. Further, finding that the claims are unexhausted also prohibits this Court from granting the Plaintiffs' motion for attorneys' fees. *See Cave*, 514 F.3d at 246-47 (applying the IDEA's exhaustion requirement to a request for attorneys' fees).

Case No. 7:10-CV-0613
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court GRANTS Defendant Bedford's motion for summary judgment. This Court also DENIES as moot the Plaintiffs' previous motion for an extension of time to file their notice of appeal. [Doc. 33.]

IT IS SO ORDERED.

Dated: October 2, 2012

                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE